THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HARVEY RUDY, SR., Appellant.

Fourth Department, April 8, 1959.

*Thomas Croucher* for appellant.

*M. Maurice Chacchia, District Attorney,* for respondent.

*Per Curiam.* The defendant appeals from a judgment convicting him of operating a motor vehicle while in an intoxicated condition after a prior conviction of the same crime. (Vehicle and Traffic Law, § 70, subd. 5.) Upon the trial there was received in evidence over the objection of the defendant a certified copy of the prior conviction. No question is raised that this certificate was not made and filed as required by statute (Code Crim. Pro., §§ 721–723). In such event the certificate is conclusive evidence of the facts stated therein. (§ 724.)

The certificate states, however, that on a certain date defendant was brought before a Court of Special Sessions and charged with " reckless and intoxicated driving " to which he entered a plea of guilty. It appeared at that trial that the Justice who presided at the former proceeding was deceased and after diligent search the information could not be found. There is some proof in the present record in the form of testimony of the arresting officer that on the prior occasion the defendant entered a plea of guilty to driving while intoxicated. The witness, of necessity, could not be questioned as part of the People's case regarding any prior plea to reckless driving. The defendant testified in his own behalf and upon cross-examination stated that he remembered being before the Justice of the Peace on the prior occasion. There was no further exploration of the subject.

The defendant contends that there is no such crime as reckless and intoxicated driving and that the certificate of conviction was insufficient to establish his guilt as a second offender. The prosecutor argues, in substance, that judicial notice may be taken that the form of the certificate makes it plain that there was an information before the court containing two counts — one charging reckless driving and the second charging driving while intoxicated. Such notice may not be taken nor

may it be presumed or surmised that the information did contain two counts. It may well be that an omnibus information of one count was prepared charging both crimes and alleging operative facts to support both. The form of the certificate of conviction lends as much support to this surmise as to the speculation that there were two counts in the information.

In an allied field of the law dealing with multiple offenders it has been held that to ascertain the prior crime of which a defendant has been convicted resort must be had not only to the allegations of the indictment or information but also to the statute which created and defined the crime. (Cf. *People* v. *Olah*, 300 N. Y. 96, 98; *People ex rel. Gold* v. *Jackson*, 5 N Y 2d 243.) When this rule is applied by way of analogy to the present case the conclusion to be reached is plain. The certificate of conviction by the provision of the statute furnishes conclusive proof that defendant was convicted of reckless and intoxicated driving. In the absence of the information from which it might be determined that defendant was charged and pleaded guilty to separate and distinct crimes there can be no indulgence in a presumption that this was a fact and that the certificate was prepared by error or confusion on the part of the Magistrate.

The judgment of conviction should be reversed on the law and facts and a new trial granted.

All concur. Present — McCurn, P. J., Kimball, Bastow, Goldman and Halpern, JJ.

Judgment of conviction reversed on the law and facts and a new trial granted.